JOHN H. KERRICK v. WILLIAM H. STEVENS, ALGERNON S. RICHES AND GEO. W. McCORMICK.

*Partnership—whether present or future.*

A partnership agreement which contemplates action to be taken at once and continuously for the joint benefit, creates a present partnership, and not merely one that is to begin in the future.

Error to Montcalm. (V. H. Smith, J.) Oct. 14.—Oct. 22.

ASSUMPSIT. Plaintiff brings error. Reversed.

*N. O. Griswold* for appellant.

*T. R. Shields* and *J. C. Shields* for appellee Stevens.

CAMPBELL, J. Defendants were sued as partners for a debt incurred by the firm for machinery furnished by plaintiff for a factory in Hastings, Minnesota. Under the charge of the court below a verdict was rendered for defendants, which depended on a denial of the existence of any partnership liability against Stevens.

On the 1st of March, 1882, the defendants entered into articles which recited the ownership by Riches of a patent for folding ladders, in which he agreed to give the others each one-third interest in Minnesota. Stevens agreed to furnish $5000 for the purpose of putting up a factory in Hastings, and buying machinery and material, and was not to do any work in the factory unless he chose. Riches was to assist in putting up and setting in order the factory and machinery, and McCormick to attend to sales and manufacture. When the factory was completed they were all to be equal partners.

As soon as this was signed the parties began operations, and bought machinery and property for the purpose of the manufacture, and Riches moved to Hastings from Michigan for that object. In the latter part of May or early in June Stevens went there and spent some weeks, as it is claimed,

in looking after the business.  He did not furnish the full amount which he agreed to.  The notes in suit were given for machinery purchased for the business and put up in the factory, which was nearly ready for use.  There was testimony that during his visit at Hastings Stevens was introduced as a partner, said he was a partner, and acted as a partner, going twice with one of the witnesses to St. Paul to purchase property which was in Hastings, as a site for the factory, and requested the same witness to keep an eye on the operations of the other partners and report to him.

In October, 1882, being written to on behalf of plaintiff for payment of this claim, he wrote back a letter treating the matter as a liability of the partnership, urging plaintiff to take back the machinery, and promising to arrange the balance satisfactorily.  Evidence was also given that Stevens, on the 31st day of July, 1882, sent out various notices that he would not be liable for any future debts.

Defendant was allowed to introduce some talk after the contract was executed, to the effect that the partnership was not to commence until after the factory was finished.  But it was not claimed that this was for the purpose of changing the agreement, but only to construe it; and Mrs. Stevens spoke of this as being said both before and after, on the same day.

There are several questions raised on the charges, but one is sufficient to decide the case.  The court charged that the written contract did not make the parties partners, but only provided for a future partnership after the factory should be put in operation.

We think it created a partnership from the beginning.  It contemplated action to be taken at once and continuously for the joint benefit.  Stevens was to furnish the money in advance, and Riches was to give his time and attention to putting up the factory and machinery.  These were the capital of the firm to enable it to get into prosperous operation.  It would be an anomaly to have capital paid in and expended, without any partnership existing, and without any provision for future emergencies or failures.  The purpose

must be derived from the nature of the agreement, and not from the technical meaning of words as present or future, standing alone. It was quite proper to use future words as to the interest to be owned in future property, but this will not do away with the necessary inference to be drawn from the immediate action of parties and expenditure of time and money in such a way as to be practically lost in case of there being no partnership carried out. We think the partnership began at once.

The judgment must be reversed and a new trial granted.

The other Justices concurred.