JOHN H. KERRICK v. WILLIAM H. STEVENS ET AL.

*Suit on note—Blank indorsement—Lien.*

1. An indorsement by the payee in blank does not affect his right to sue upon a note to his order while it remains in his hands.

2. Proceedings taken to establish a lien upon partnership property to satisfy a debt evidenced by their note are immaterial in an action on the note if the lien has not been enforced or anything realized from it.

Error to Montcalm. (V. H. Smith, J.) Oct. 15.—Oct. 28.

Assumpsit. Defendants bring error. Affirmed.

*Palmer & Lyon* and *J. C. Shields* for appellants

*N. O. Griswold* for appellee.

CAMPBELL, J. This is the same case which was before us as reported in 55 Mich. 167, and does not present any serious differences upon the main questions. Defendants were sued on two notes made in the name of the Hastings Ladder Co. to the order of plaintiff, who did business in the name of J. H. Kerrick & Co., and upon the common counts. One

of these notes, for $210.80, was dated July 19, 1882, at Hastings, Minnesota, at ninety days. The other having been thrown out of the case as made after defendants' partnership was dissolved, is of no consequence. Recovery was had on the first note, and upon a bill of $175, for goods furnished.

The note, when produced, had upon it a blank endorsement of the payee, but this was immaterial and could be disregarded, in his hands, and so it was held.

The consideration of both note and bill was articles furnished by plaintiff to the Hastings Ladder Company, and the defense is based partly on the denial of any such partnership, and partly on the absence of power in the defendant Riches to incur debts.

We held, when the case was formerly before us, that the articles signed by defendants made them partners at once, and we do not feel disposed to open that controversy. Neither do we conceive on what ground the power of the partner at Hastings to incur debts for the purchase of articles to be used in the business can be questioned. The firm, whose identity was sufficiently shown, was not one involving any peculiarities, and the purchase was within the ordinary purposes for which it was created.

It was sought to show that plaintiff had taken steps to establish a lien against the partnership property for his debt. Defendants, however, made no proposal to show that it had been enforced or anything realized from it. This being so the court rightly held it immaterial.

The record presents no important points, and as no errors appear,

The judgment must be affirmed.

The other Justices concurred.